# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEPHEN WINDSOR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-2709** |
| **WARDEN R. TANNER** | **SECTION: "J"(5)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.   Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.   *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE**.

## I.   PROCEDURAL HISTORY

### A.  State-Court Convictions and Sentences

Petitioner, Stephen Windsor, is a convicted inmate incarcerated at Elayn Hunt Correctional Center in St. Gabriel, Louisiana.   On April 22, 1997, he was charged with attempted armed robbery and illegal use of a weapon by discharging a firearm while committing, attempting to commit, conspiring to commit or soliciting, coercing or

intimidating another person to commit a crime of violence.[1]    On September 18, 1997, a jury found him guilty as charged.[2]    His motion for a new trial was denied.    The State filed a multiple bill of information on the attempted armed robbery count.    On October 3, 1997, following a multiple-offender adjudication, he was sentenced as a second-felony offender to 99 years imprisonment on the attempted armed robbery count, and 20 years imprisonment on the illegal discharge of a firearm count, both sentences to be served concurrently and without benefit of probation, parole or suspension of sentence.[3]    His motion to reconsider the sentence was denied.    Windsor appealed the convictions and sentences.

### B. Direct Appeals

Windsor's first direct appeal challenged both convictions and sentences on the following grounds:    (1) the trial court erred in denying his motion to sever and motion for a new trial based on the existence of antagonistic defenses; (2) the trial court erred in finding him to be a second-felony offender given the State's insufficient evidentiary showing with respect to the 1994 predicate offense of attempted armed robbery; and (3) the sentences

---

[1] State Rec., Vol. 1 of 24, Bill of Information.    His co-defendant, James Jasmine, was also charged with attempted armed robbery in the same bill.    LSA-R.S. 14:27; 14:64; 14:94(F).

[2] State Rec., Vol. 1 of 24, Jury Verdict, 9/18/97.

[3] State Rec., Vol. 1 of 24, Docket Master; Minute Entry, 10/3/97; Commitment Order; *see also* State Rec., Vol. 2 of 24, Sentencing Transcript (October 3, 1997).    The multiple bill transcript contains no mention of the 20-year sentence; however, the minute entry and commitment order each reflect that a 20-year sentence was imposed on count two.

were illegal and excessive.    In 2000, the Louisiana Fourth Circuit affirmed both convictions as well as his multiple-offender sentence on the attempted armed robbery charge, but vacated his sentence on the illegal discharge of a weapon charge and remanded for resentencing and clarification due to an error patent, *i.e.* a discrepancy between the sentencing transcript and the minute entries and sentencing commitment.[4]    On July 12, 2000, the trial court resentenced Windsor on count two only, as instructed by the court of appeal, and imposed the same 20-year sentence.[5]    His motion to reconsider the sentence was denied.    The Louisiana Supreme Court subsequently denied his application for a writ of certiorari.[6]

In 2013, he was granted an out-of-time appeal.    The second appeal was limited to the July 2000 resentencing on count two, *i.e.*, illegal discharge of a firearm.    Windsor, through appointed counsel, argued that the trial judge lacked jurisdiction to resentence him while the case was still on direct appeal (supervisory writ of review to the Louisiana Supreme Court), and that his sentence was excessive.    Windsor, pro se, sought and was granted leave to file a supplemental brief; however, no such brief was timely filed.    On May 14, 2014, the Louisiana Fourth Circuit affirmed the 20-year sentence.[7]    On rehearing, he

---

[4]    State Rec., Vol. 3 of 24, *State v. Windsor*, 98-KA-0243 (La. App. 4 Cir. 2000), 761 So.2d 830 (unpublished opinion).

[5]    State Rec., Vol. 3 of 24, Transcript of Resentencing (July 12, 2000).

[6]    State Rec., Vol. 3 of 24, *State v. Windsor*, 2000-KO-2021 (La. 2001), 797 So.2d 61.

[7]    State Rec., Vol. 23 of 24, *State v. Windsor*, 2014-K-0146, 2014 WL 2019253 (La. App.

claimed that he was prevented from filing a supplemental brief in a timely manner because he did not have access to records.    He also submitted a supplemental brief at that time, alleging that the trial court erred in not vacating the original sentence before imposing an enhanced sentence under the multiple bill, denying his motion to reconsider without allowing him to present mitigating factors, and in finding that the State's evidence sufficed to prove he was a second-felony offender.[8]    On May 30, 2014, his request for a rehearing was denied.[9]    He filed a second request for rehearing, which was denied on June 12, 2014.[10] He sought a mandamus order from the Louisiana Supreme Court directing the appellate court to allow him the right to file a supplement brief on his behalf.    That request was denied on March 13, 2015.[11]

### C.  Prior Federal Habeas Proceedings

In 2010, Windsor filed his first application for federal habeas corpus relief in which he raised the following claims:    (1) police officials failed to provide him with the necessary *Miranda* warning prior to interrogating him and failed to provide exculpatory evidence; (2) prosecutors knowingly presented false police testimony at trial; and (3) counsel was

---

4 Cir. 5/14/14).

[8]  State Rec., Vol. 23 of 24, *Pro Se* Supplemental Brief.

[9]  *Id.*

[10]  *Id.*

[11]  *Id.*, *State v. Windsor*, 14-KO-1182 (La. 3/13/15), 161 So.3d 632.

ineffective in failing to properly question State witnesses about Windsor's illegally obtained statement and the victim's inability to identify him as the perpetrator.[12]    On October 25, 2010, the Magistrate Judge recommended that the petition be dismissed with prejudice as untimely.    On December 2, 2010, the District Judge adopted the Magistrate Judge's report and Windsor's petition was dismissed.[13]    His request for a certificate of appealability was subsequently denied.[14]    The United States Fifth Circuit Court of Appeals denied his motion for reconsideration and petition for rehearing en banc.[15]    On November 28, 2011, the United States Supreme Court denied his petition for writ of certiorari.[16]

In November 2011, he sought to file a second or successive federal petition.    In his motion for authorization filed with the United States Fifth Circuit Court of Appeals, he argued that (1) he had newly discovered evidence, a transcript of the voir dire proceeding, showing that he was prejudiced because the attorneys representing him and his codefendant disagreed on which jurors to challenge; (2) his counsel was ineffective in not challenging his prior conviction that was used to enhance his current sentence; and (3) he had newly discovered evidence, an affidavit from his codefendant, showing that he is actually innocent

---

[12] *Stephen Windsor v. Howard Prince, Warden*, Civ. Action No. 10-00202 "J"(5).

[13] *Windsor v. Prince*, 10-202, 2010 WL 5056208 (E.D. La. Dec. 2, 2010) (Barbier, J.).

[14] *See* copy attached to State's Response at Rec. Doc. 16-1, pp. 1-3.

[15] *Id.* at 5-7.

[16] *Id.* at 9-10.

of the underlying offenses, none of which satisfied the requirements of 28 U.S.C. § 2244(b).[17]

On January 5, 2012, the United States Fifth Circuit denied him authorization to file a second

or successive federal habeas petition.[18]

In March 2015, he again sought leave to file a second or successive federal petition.

In his motion for authorization to proceed filed with the United States Fifth Circuit Court of

Appeals, he argued that the State breached a plea agreement in connection with his 1994

predicate guilty plea to attempted armed robbery by using it to enhance the sentence on his

1997 attempted armed robbery conviction.    On April 23, 2015, the United States Fifth

Circuit denied the motion for authorization.[19]

### D.  State Court Proceedings on Collateral Review

Windsor's unsuccessful attempts at post-conviction relief span some 13 years.    On

September 19, 2002, counsel filed on Windsor's behalf an application for post-conviction

relief with the state district court.[20]    On October 17, 2002, the state district court issued

Judgment denying Windsor's post-conviction application on the basis that his claims "were

---

[17]    *See In Re Windsor*, No. 11-31054 (5th Cir. Jan. 5, 2012).

[18]    Rec. Doc. 16-1 at 12-13.

[19]    Rec. Doc. 16-1, pp. 14-17, *In Re Windsor*, No. 15-30177 (5th Cir. Apr. 23, 2015).

[20]    The procedural history through his second post-conviction application was set forth in, and adopted from, the Report and Recommendation issued in his first federal habeas proceeding, *Windsor v. Prince*, Civ. Action No. 10-202 "J"(5) (E.D. La. Oct. 25, 2010), 2010 WL 5055831 (Report and Recommendation).    *See also* State Rec., Vol. 4-7 of 24.

fully litigated on appeal."    On March 25, 2003, the Louisiana Fourth Circuit reversed, finding that Windsor's claim of ineffectiveness of counsel was not addressed on appeal, and remanded the matter to the district court "for an evidentiary hearing on the issue of ineffective assistance of counsel."[21]    On January 16, 2004, the Louisiana Supreme Court denied the State's writ application seeking a reversal of the state appellate court's adverse March 25, 2003 decision.[22]

On July 16, 2004, the district court, pursuant to the Louisiana Fourth Circuit's remand, conducted an evidentiary hearing following which, on September 3, 2004, the court issued Judgment denying Windsor's application for post-conviction relief based upon its finding that Windsor had not shown that his counsel was ineffective.    On November 29, 2004, the Louisiana Fourth Circuit Court of Appeal denied Windsor's writ application, finding that "the trial court did not err by denying his ineffective assistance of counsel claim."[23]    On April 1, 2005, the Louisiana Supreme Court likewise denied Windsor's writ application,[24] and on November 28, 2005, denied Windsor's application for reconsideration.[25]

---

[21]    *State v. Windsor*, No. 2002-K-2495 (La. App. 4 Cir. March 25, 2003) (unpublished opinion).

[22]    *State ex rel. Windsor v. State*, 864 So.2d 624 (La. 2004).

[23]    *State v. Windsor*, No. 2004-K-1946 (La. App. Nov. 29, 2004) (unpublished opinion).

[24]    *State v. Windson* [sic], 897 So.2d 601 (La. 2005)

[25]    *State ex rel. Windsor v. State*, 916 So.2d 125 (La. 2005).

On February 29, 2008, Windsor filed with the state district court a "Motion to Vacate the Illegal Multiple Offender Adjudication and Sentence."    On May 21, 2008, the state district court issued Judgment denying Windsor's motion to vacate.    On July 21, 2008, the Louisiana Fourth Circuit Court of Appeal, finding "no error in the district court's judgment denying relator's motion to vacate an illegal multiple offender adjudication," denied Windsor's writ application.[26]    On May 15, 2009, the Louisiana Supreme Court likewise denied Windsor relief, denying his writ application based upon La. C.Cr.P. art. 930.8 and *State ex rel. Glover v. State*, 660 So.2d 1189 (La. 1995), along with La. C.Cr.P. art. 930.3 and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996).[27]

On September 18, 2008, while his motion to vacate was still pending before the Louisiana Supreme Court, Windsor filed a second application for post-conviction relief with the state district court.    On October 15, 2008, Windsor filed a supplemental brief in support of his second post-conviction application.    On October 30, 2008, the state district court issued Judgment denying petitioner relief as untimely pursuant to La. C.Cr.P. art. 930.8.    On December 18, 2008, the Louisiana Fourth Circuit Court of Appeal, finding "no error in the district court's 30 October 2008 judgment," denied Windsor's writ application.[28]    On

---

[26]    *State v. Windsor*, No. 2008-K-0819 (La. App. 4 Cir. July 21, 2008) (unpublished opinion).

[27]    *State ex rel. Windsor v. State*, 8 So.3d 574 (La. 2009).

[28]    *State v. Windsor*, No. 2008-K-1420 (La. App. 4 Cir. Dec. 18, 2008) (unpublished opinion).

November 6, 2009, the Louisiana Supreme Court likewise denied Windsor relief, denying his writ application based upon La. C.Cr.P. art. 930.8 and *State ex rel. Glover v. State*, 660 So.2d 1189 (La. 1995).[29]    On January 8, 2010, the Louisiana Supreme Court denied Windsor's application for reconsideration.[30]

On January 13, 2009, while his second post-conviction relief application was still pending before the Louisiana Supreme Court, Windsor filed a "Motion for Writ of Mandamus" with the Louisiana Fourth Circuit complaining that both the district court and the appellate court, in their opinions denying his second post-conviction application, failed to consider Windsor's supplemental memoranda which he filed with both courts in support of his second post-conviction application.    Pursuant to his writ of mandamus, Windsor sought an order from the state appellate court directing the district court to address his supplemental brief. On February 11, 2009, the Louisiana Fourth Circuit Court of Appeal denied Windsor's writ application, providing:    "Unlike relator represents, this court reviewed the two claims raised by him in his supplemental application for post-conviction relief in writ 2008-K-1420 and found he was not entitled to relief."[31]

On April 12, 2010, Windsor filed a third application for post-conviction relief and a

---

[29]    *State ex rel. Windsor v. State*, 21 So.3d 306 (La. 2009).

[30]    *State ex rel. Windsor v. State*, 24 So.3d 868 (La. 2010).

[31]    *State v. Windsor*, No. 2009-K-0090 (La. App. 4 Cir. Feb. 11, 2009) (unpublished opinion).

supplement with the state district court.[32]    In that petition, he asserted that trial counsel was ineffective for failing to order voir dire transcripts or to object to the State's evidentiary proof during the multiple bill hearing, and that he is actually innocent of the underlying offenses.    On July 8, 2010, the state district court denied the application as untimely.    On August 19, 2010, his related writ application was denied by the Louisiana Fourth Circuit. On September 23, 2011, the Louisiana Supreme Court likewise denied relief.

On September 12, 2010, Windsor filed a fourth application for post-conviction relief with the state district court.    In that petition, he asserted that the trial court violated his constitutional rights by failing to conduct an in camera inspection of second, third and fourth felony-offenders who were sentenced under LSA-R.S. 15:529, but did not receive a 99-year sentence.[33]    On September 24, 2010, the state district court denied the application as untimely.    On December 2, 2010, his related writ application was denied by the Louisiana Fourth Circuit.    On January 13, 2012, the Louisiana Supreme Court similarly denied relief.

On June 20, 2011, counsel for Windsor filed a motion to correct an illegal sentence. He claimed that the trial court failed to vacate the original sentence before imposing the 99-

---

[32]   State Rec., Vol. 9 of 24—Uniform Application for PCR; *State v. Windsor*, 2010-K-1101 (La. App. 4 Cir. Aug 19, 2010); *State ex rel. Windsor v. State*, 2010-KH-2089 (La. 9/23/10), 70 So.3d 806.

[33]   State Rec., Vol. 10 of 24—Uniform Application for PCR; *State v. Windsor*, 2010-K-1473 (La. App. 4 Cir. Dec. 2, 2010); *State ex rel. Windsor v. State*, 2011-KH-0063 (La. 1/13/12), 77 So.3d 963.

year sentence as a second-felony offender.[34]    The trial court denied relief on July 22, 2011.

The Louisiana Fourth Circuit denied his related writ application on September 6, 2011.

The Louisiana Supreme Court likewise denied relief on May 18, 2012.    His motion for

reconsideration was also denied.

On January 10, 2013, Windsor filed a fifth application for post-conviction relief

seeking an out-of-time appeal.    In this application, he alleged that the sentencing judge

improperly considered information from a presentence investigation report about other

criminal conduct mistakenly attributed to him.[35]    On February 1, 2013, the state district

court denied relief on the merits finding that the sentences were warranted despite any

alleged error.    The Louisiana Fourth Circuit denied his related writ application on March

15, 2013.    The Louisiana Supreme Court likewise denied relief under La. C.C.P. arts. 930.8

and 930.3, *Melinie v. State*, 665 So.2d 1172 (La. 1996), on September 20, 2013.

On May 11, 2013, Windsor filed a sixth application for post-conviction relief with the

state district court.    In that application, he sought an out-of-time appeal of his July 12, 2000

resentencing.    On May 17, 2013, the district court denied the application as untimely.    He

---

[34]    *See* State Rec., Vol. 15 of 24, Motion to Correct Illegal Sentence filed by James Lemmon and Minute Entry denying, 7/22/11; State Rec., Vol. 11 of 24; *State v. Windsor*, 2011-K-1198 (La. App. 4 Cir. Sept. 6, 2011); *State ex rel. Windsor v. State*, 2011-KH-2097 (La. 5/18/12), 89 So.3d 1187, *reconsideration denied*, 93 So.3d 584 (La. 7/27/12).

[35]    State Rec., Vol. 17 of 24, Uniform Application for PCR and Memorandum in Support; *see also* Vol. 12 of 24—State District Court Judgment signed Feb. 1, 2013; *State v. Windsor*, 2013-K-0290 (La. App. 4 Cir. March 15, 2013); *State ex rel. Windsor v. State*, 2013-KH-0793 (La. 9/20/13), 123 So.3d 169.

sought review of that ruling by supervisory writ application filed with the Louisiana Fourth Circuit.    Windsor also filed a mandamus proceeding with the state appellate court complaining that he had filed a motion for an out-of-time appeal back in July 2000, after the resentencing, but the state district court had not ruled on his motion.    On June 14, 2013, the Louisiana Fourth Circuit issued an order granting the application for the purpose of transferring it to the state district court for consideration as a motion for out-of-time appeal. On June 19, 2013, the district court granted the motion for an out-of-time appeal.    On June 24, 2013, the appellate court denied his supervisory writ application as moot, noting that the state district court had already granted his request for an out-of-time appeal of his resentencing.[36]

On September 29, 2014, Windsor filed an application for writ of mandamus with the Louisiana Fourth Circuit, alleging that the trial court had failed to rule on his 1997 *pro se* motion to quash the multiple bill.[37]    The appellate court granted the writ for the limited purpose of transferring the application to the state district court for consideration.    On November 5, 2014, the state district court denied the motion to quash.    On January 6, 2015,

---

[36]  See State Rec., Vol. 15 of 24, Uniform Application for PCR signed May 11, 2013; State Rec., Vol. 13 of 24, District Court Judgment signed May 17, 2013; *State v. Windsor*, 2013-K-0742 (La. App. 4 Cir. June 14, 2013); *State v. Windsor*, 2013-K-0844 (La. App. 4 Cir. June 24, 2013).

[37]  State Rec., Vol. 14 of 24, Application for Mandamus No. 2014-K-1144; *State v. Windsor*, 2014-K-1144 (La. App. 4 Cir. Oct. 30, 2014); State District Court Order denying motion signed Nov. 5, 2014; *State v. Windsor*, 2014-K-1386 (La. App. 4 Cir. Jan. 6, 2015); *State ex rel. Windsor v. State*, 2015-KH-0184 (La. 11/6/15), 182 So.3d 31.

the Louisiana Fourth Circuit denied his related supervisory writ application.    On November 6, 2015, the Louisiana Supreme Court denied relief.

On February 4, 2015, Windsor filed a seventh post-conviction application with the state district court.[38]    In that application, he asserted that the sentencing judge failed to vacate the original sentence before imposing the enhanced sentence, the State failed to prove he was a second-felony offender, and trial counsel rendered ineffective assistance during the multiple-bill hearing.    On April 15, 2015, the trial court denied relief.    On May 22, 2015, the Louisiana Fourth Circuit denied his related writ application.    On November 6, 2015, the Louisiana Supreme Court denied his writ application.

### E.  Current Federal Habeas Petition

On March 30, 2016, he filed his second federal application for habeas corpus relief.[39] In his application, he challenges the sentences imposed as illegal for the reasons he advanced in his supplemental brief on his second direct appeal and in his most recent state-court post-conviction application.    Although he fails to set forth distinct claims, he appears to argue: (1) the sentencing judge failed to vacate the original sentence before imposing the multiple-bill sentence; (2) the trial court failed to consider "mitigating factors" in denying his motion to reconsider; (3) the state failed to carry its burden of proof at the multiple bill hearing; and

---

[38]  State Rec., Vol. 24 of 24, Uniform Application for PCR, State District Court Order signed April 15, 2015; *State v. Windsor*, 2015-K-0492 (La. App. 4 Cir. May 22, 2015); *State ex rel. Windsor v. State*, 2015-KH-1098 (La. 11/6/15), 181 So.3d 695.

[39]  Rec. Doc. 3, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.

(4) defense counsel was ineffective at the multiple bill hearing.    He asserts that the state courts' rulings were objectively unreasonable and denied him the right to due process.    The State argues that the petition should be dismissed because it is an impermissible second or successive habeas application over which the Court lacks jurisdiction.[40]    Windsor has filed an opposition to that response.[41]

## II.    **ANALYSIS**

Pursuant to 28 U.S.C. § 2244(b)(1), a federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not raise in a prior petition, unless he establishes one of the following exceptions:

1)    the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2)    (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

---

[40]  Rec. Doc. 16.

[41]  Rec. Doc. 21.

28 U.S.C. § 2244(b)(2).    Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a *prima facie* showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A).    Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.

Under the AEDPA, "a prisoner's application is not second or successive simply because it follows an earlier federal petition."    *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998); *see also In re Cathey*, 857 F.3d 221, 224 (5th Cir. 2017).    "AEDPA's bar on second or successive petitions only applies to a later-in-time petition that challenges the same state-court judgment as an earlier-in-time petition."    *Cathey, supra* (quoting *In Re Lampton*, 667 F.3d at 588).    A habeas corpus petition is not successive when it is the first application challenging a new, intervening judgment rendered after the first federal habeas proceeding. *See Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010) (holding that when there is a new judgment intervening between two federal habeas petitions, and the latter petition challenges the new judgment, it is not a second or successive petition under 28 U.S.C. § 2244(b).

The United States Fifth Circuit recognizes certain instances where second-in-time federal applications will be deemed non-successive, such as "later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding

itself, or some other species of legal error-when the error arises after the underlying conviction." *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009) (citations omitted). The Fifth Circuit has explained, "[i]n essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive." *Id.*

Generally, where there has been an adjudication on the merits in a prior federal habeas proceeding, a subsequent federal petition is considered "second or successive." A second or subsequent habeas petition is not considered "successive" in instances where the initial habeas petition was found to be premature or unexhausted. *See e.g.*, *Slack v. McDaniel*, 529 U.S. 473, 485–487 (2000); *Stewart v. Martinez–Villareal*, 523 U.S. 637, 643–645 (1998). However, when a prior petition is dismissed on the ground that it is barred by the statute of limitations, that dismissal is considered an adjudication on the merits of the claims. *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009); *In re Flowers*, 595 F.3d 204 (5th Cir. 2009); *Murray v. Greiner*, 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003).

The instant application is "second or successive" with respect to Windsor's first federal application filed in 2010. His first federal application, challenging his 1997 judgment of conviction and sentence, was adjudicated and dismissed with prejudice as

untimely.    Here, Windsor challenges the very same 1997 state criminal judgment imposing his enhanced sentence of 99 years imprisonment for attempted armed robbery and 20 years imprisonment for illegal use of a weapon/discharging a firearm during a crime of violence. That is the judgment for which he is currently in custody and has been since 1997.    *See Burton v. Stewart*, 549 U.S. 147, 156 (2007).    Neither his resentence in 2000 nor his out-of-time direct appeal alter the successive nature of this federal petition.

Windsor's current federal application does not challenge a new intervening judgment.    Therefore, Windsor's attempt to liken his situation to *Magwood, supra,* seemingly based on the mere fact that he was resentenced on count two, fails.[42]    His resentence on count two, imposed in 2000, is clearly not an *intervening* new judgment that could not have been challenged in his earlier federal petition filed in 2010.    Indeed, all of Windsor's claims in this case are based upon his steadfast belief *from the outset* that as part of the original judgment the sentences imposed were erroneous and illegal, which he refers to as "the seed" that led to his resentencing.[43]    Windsor failed to raise his sentencing claims in 2010.    At that point, his conviction and habitual-offender sentence had been affirmed on direct appeal, and the trial court had 10 years earlier imposed the same sentence on count two.

---

[42]  Rec. Doc. 21, p. 5.

[43]  Rec. Doc. 3, p. 31; State Rec., Vol. 23, Supp. Brief, p. 4.

Windsor was afforded an out-of-time appeal 13 years after his resentencing when he offered evidence that he had timely requested, but had not been given, a direct appeal in 2000.     Contrary to Windsor's assertions otherwise, the record is clear that his second direct appeal was limited to the resentencing because both convictions and the habitual-offender sentence were affirmed on his first direct appeal.     His appellate counsel made that clear and raised two claims on his behalf, *i.e.*, lack of jurisdiction and excessive sentence, related to the resentence alone.     The second appeal had no effect whatsoever on his ability to bring a second or successive federal petition, as he does now, challenging the habitual-offender sentence.

To the extent he implies that the out-of-time appeal cleared the slate for an entirely new federal petition challenging both of his sentences, the claim fails.     A review of his petition shows that his claims relate to the original sentencing in 1997.     He does not complain of any error in connection with his out-of-time direct appeal.     That is, none of his current claims with regard to his sentences ripened as a result of the out-of-time direct appeal.     All of his claims challenging the sentences were available to him when he filed his first federal application in 2010.     *See United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000).     Having already sought federal relief, the out-of-time appeal did not revive his ability to do so again.     His reliance on *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009), is misplaced.[44]     In the limitations context, the Supreme Court has held that "where a state

---

[44]  Rec. Doc. 21, pp. 1-2

court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, *but before the defendant has first sought federal habeas relief*, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." *Jimenez*, 555 U.S. at 121 (emphasis added). Indeed, the rule excludes the very situation presented here where a petitioner had already sought and obtained federal habeas review *prior to* the resolution of his out-of-time appeal. To the extent Windsor implies that the finality of his out-of-time appeal somehow ripened his claims and cured the second or successive nature of his federal application, he is incorrect. *See Lionell J. Davis v. Tanner*, Civ. Action No. 08-4175, 2011 WL 798091, at *5 (E.D. La. Jan. 26, 2011), *report and recommendation adopted*, 2011 WL 794608 (Feb. 28, 2011) (Feldman, J.) (dismissing second or successive § 2254 petition for want of jurisdiction); *Thompson v. United States*, No. 09CV410, 2010 WL 3782028, at *2 (E.D. Tex. Aug. 23, 2010) (as applied to a second or successive § 2255 motion), *report and recommendation adopted*, 2010 WL 3782019 (E.D. Tex. Sept. 20, 2010) (Davis, J.).

Since 2010, the United States Fifth Circuit Court of Appeals has repeatedly denied Windsor's attempts to bring a second or successive federal petition in this Court. Windsor has unsuccessfully moved on two occasions for leave to challenge the sentences through a second or successive federal habeas petition. In 2012 and 2015 (after his out-of-time appeal), the United States Fifth Circuit Court of Appeals rejected those motions for authorization to proceed with such petitions, which included some of the claims he now attempts to raise regarding sentencing. With respect to his alleged new evidence in

support of his claims for relief presented in the instant petition, he has not satisfied the requirements of 28 U.S.C. § 2244(b).    In denying him authorization to proceed, the Fifth Circuit explained:

> Windsor's assertion that he has "discovered" evidence to support his claim suggests that he has confused knowledge of a factual predicate with proof of that factual predicate.    *See In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009) (noting difference between a claim regarding the correctness of a witness's testimony and a claim based on the witness's later affidavit).    He should have been aware of the factual predicate of the claim at least by the time of sentencing for his 1997 conviction, and he has not explained why he failed to raise this claim in his first § 2254 application or why he waited approximately 18 years to file the instant motion.    Moreover, Windsor is challenging his sentence as a multiple offender, and not his underlying attempted armed robbery conviction.    Windsor had not identified a new factual predicate which would establish that, "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."    See 2244(b)(2)(B); *see also In re Webster*, 605 F.3d 256, 257 (5th Cir. 2010).[45]

Because his prior petition was adjudicated on the merits and dismissed with prejudice, and he is not contesting any new, intervening judgment, the Court finds that the instant federal petition is successive within the meaning of § 2244(b).    This Court is without jurisdiction to consider this second or successive petition unless Windsor first obtains authorization to proceed from the United States Fifth Circuit Court of Appeals. Because he has already twice unsuccessfully moved for such authorization in the United States Fifth Circuit Court of Appeals, the Court finds it unnecessary to transfer the instant

---

[45]  Rec. Doc. 16-1.

petition, and instead finds that, under the circumstances, a dismissal without prejudice is warranted.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Windsor's application for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[46]

New Orleans, Louisiana, this   22nd   day of _____ August _____, 2017.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[46]   *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.